IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| VITALY KOLOSHA,<br><br>        Petitioner,<br><br>vs.<br><br>UNITED STATES, PRESIDENT JOE BIDEN, and BUREAU OF PRISONS,<br><br>        Respondents. | 8:24CV457<br><br>**MEMORANDUM AND ORDER** |

      This matter is before the Court on Petitioner Vitaly Kolosha's ("Petitioner") hand-written petition brought pursuant to 28 U.S.C. § 2241, filed on November 25, 2024 (the "Petition"). Filing No. 1. Petitioner, an inmate at the Joseph Harp Correctional Center in Lexington, Oklahoma, paid the $5.00 filing fee on December 23, 2024. The Court now conducts an initial review of the Petition pursuant to 28 U.S.C. § 2243 and Rule 1(b) of the *Rules Governing Section 2254 Cases in the United States District Courts* which allows the Court to apply Rule 4 of those rules to a section 2241 action. Because Petitioner is currently confined in Oklahoma and he is challenging a conviction and sentence also entered in Oklahoma, this case cannot proceed in this Court.

      A habeas corpus petition may be heard either in the district court where a petitioner is held in custody or in the district court where the court that convicted and sentenced petitioner is located. 28 U.S.C. § 2241(d). According to the Petition, Petitioner is in custody at the Joseph Harp Correctional Center in Lexington, Oklahoma, Filing No. 1 at 2, in Cleveland County, which sits within the Western District of Oklahoma. *See* 28 U.S.C. §

116(c). Petitioner challenges his conviction and sentence by a state court located in Oklahoma County, Oklahoma, Filing No. 1 at 2, which also is within the Western District of Oklahoma. *See* 28 U.S.C. § 116(c).

As Petitioner is neither housed in the District of Nebraska nor was the conviction or sentence he challenges entered here, this matter cannot proceed in this Court. As Petitioner challenges his sentence under 28 U.S.C. § 2241, transfer to the district where he is currently housed is appropriate at this time,[1] even if it is later determined that Petitioner must proceed under 28 U.S.C. § 2254. As Lexington, Oklahoma, where Petitioner is housed, sits within the jurisdiction of the United States District Court for the Western District of Oklahoma, *see* 28 U.S.C. § 116(c), transfer of this matter to that court is appropriate. *See* 28 U.S.C. § 1631 (district court that finds it lacks jurisdiction to entertain a civil action may, in the interest of justice, transfer such action to any other court in which such action could have been brought).

IT IS THEREFORE ORDERED that:

1. This case is transferred to the United States District Court for the Western District of Oklahoma for further proceedings. This case is terminated in this district.

2. The Clerk of Court is directed to take all necessary steps to transfer this matter to the United States District Court for the Western District of Oklahoma.

---

[1] A § 2241 habeas corpus petition attacks the execution of a sentence, or the manner in which the sentence is being carried out, and it is within the subject matter jurisdiction of the court presiding in the judicial district where the prisoner is incarcerated. *Matheny v. Morrison*, 307 F.3d 709, 711–12 (8th Cir. 2002).

2

Dated this 17th day of January, 2025.

BY THE COURT:

John M. Gerrard
Senior United States District Judge